# EXHIBIT B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

YIMAJ KALIFA, *et al.*                                    :
                                                         :
          Plaintiffs,                                    :
                                                         :
v.                                                       :          CA No. 2013 CA 005061 B
                                                         :          Judge Thomas J. Motley
SELECTIVE WAY INSURANCE COMPANY                          :
                                                         :
          Defendant.                                     :

### NOTICE OF FILING OF NOTICE OF REMOVAL

To:     CLERK OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

**PLEASE TAKE NOTICE** that the defendant, Selective Way Insurance Company, by

counsel, has filed a Notice of Removal of Civil Action, a copy of which is attached hereto as

hereto as **Exhibit 1**, in the United States District Court for the District of Columbia.

Pursuant to 28 U.S.C. § 1446(d), no further proceedings may be held in this Court unless

and until the case is remanded.

Respectfully submitted,

SELECTIVE WAY INSURANCE COMPANY

By: _____/s/_____
          Arnie B. Mason (DC Bar No. 481084)
          D. Margeaux Thomas (DC Bar No. 986974)
          WILLIAMS MULLEN
          8300 Greensboro Drive
          Suite 1100
          Tysons Corner, VA  22102
          703.760.5235
          703.748.0244
          amason@williamsmullen.com

(To be admitted pro hac vice)
Calvin W. Fowler, Jr. (VSB No. 27982)
WILLIAMS MULLEN
200 South 10th Street
P. O. Box 1320
Richmond, Virginia 23218-1320
804.420.6442
804.420.6507 (fax)
wfowler@williamsmullen.com

## CERTIFICATE

I hereby acknowledge that on this 15th day of August, 2013, I caused a copy of the foregoing Notice of Filing of Notice of Removal to be filed with the Electronic Case Filing system of the Superior Court of the District of Columbia, which will provide electronic notice to the following party:

> C. Jude Iweanoge, Esquire
> Charles C. Iweanoge, Esquire
> THE IWEANOGES' FIRM, P.C.
> 1026 Monroe Street, NE
> Washington, DC 20017
> 202.347.7026
> Fax: 202.347.7026
> Email: jci@weanogesfirm.com
> *Counsel for Plaintiff*

/s/
_____
D. Margeaux Thomas

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YIMAJ KALIFA                         :
1618 7th Street, NW            :
Washington, DC 20001-3212     :
                                           :
            and                    :
                                           :
HIRUT AMENU                     :
1618 7th Street, NW            :
Washington, DC 20001-3212     :
                                           :
            and                    :
                                           :
HUMAN TOUCH HOME HEALTH CARE  :
AGENCY, INC.                     :
1618 7th Street, NW            :
Washington, DC 20001-3212     :
                                           :
            Plaintiffs,          :
                                           :
v.                                  :    Case No._____
                                           :
SELECTIVE WAY INSURANCE COMPANY   :
40 Wantage Avenue           :
Branchville, NJ 07890-1000      :
                                           :
            Defendant.          :

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, Selective Way Insurance Company ("Selective"), pursuant to 28 U.S.C. §§ 1441 and 1446,  hereby files this Notice of Removal of Civil Action to remove this action from the Superior Court of the District of Columbia to this Court on the following grounds:

1.      The Plaintiff Yimaj Kalifa is a citizen of the District of Columbia and her primary residence is located at 1618 7th Street, NW, Washington, DC 20001-3212.

2.      The Plaintiff Hirut Amenu is a citizen of the District of Columbia and his primary residence is located at 1618 7th Street, NW, Washington, DC 20001-3212.

3.     The Plaintiff Human Touch Home Health Care Agency, Inc. is a District of Columbia corporation with its principal place of business in the District of Columbia.

4.     The Defendant Selective is a company organized and existing under the laws of New Jersey and has its principal place of business in the state of New Jersey.

5.     On July 23, 2013, Yimaj Kalifa, Hirut Amenu, and Human Touch Home Health Care Agency, Inc. (collectively, "Plaintiffs") filed a Complaint against Selective alleging a cause of action for breach of contract. Selective received the Complaint through service on its registered agent on July 26, 2013. Accordingly, this Notice of Removal is timely filed within thirty days of service of the Complaint.

6.     Removal of this action is proper pursuant to 28 U.S.C. § 1441(a) in that this is a civil action over which this Court has original jurisdiction. "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a).

7.     Here, the requirements of diversity jurisdiction are satisfied. First, the amount in controversy exceeds $75,000, exclusive of interest and costs because Plaintiffs' Complaint seeks relief in the amount of $401,037.34. Second, complete diversity between the parties exists; Plaintiffs are residents of the District of Columbia, while Selective is a citizen of New Jersey. Thus, removal of this action is proper because there is complete diversity between the parties and the monetary threshold of 28 U.S.C. § 1332 has been met.

8.     In accordance with 28 U.S.C. § 1446(a), a true copy of all pleadings, process, and orders received by Selective in this action, through service or otherwise, are attached hereto as **Exhibit A**.

9.      Concurrent with the filing of this Notice, Selective is filing written notice of this removal with the Clerk of the Superior Court of the District of Columbia.  A copy of the notice is attached hereto as **Exhibit B**.

10.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being mailed to Plaintiffs.

WHEREFORE, defendant Selective Way Insurance Company prays that the above-captioned active be removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.


Respectfully submitted,

SELECTIVE WAY INSURANCE COMPANY


By: _____/s/_____
        Arnie B. Mason (DC Bar No. 481084)
        D. Margeaux Thomas (DC Bar No. 986974)
        WILLIAMS MULLEN
        8300 Greensboro Drive
        Suite 1100
        Tysons Corner, VA  22102
        703.760.5235
        703.748.0244
        amason@williamsmullen.com


        (To be admitted pro hac vice)
        Calvin W. Fowler, Jr. (VSB No. 27982)
        WILLIAMS MULLEN
        200 South 10th Street
        P. O. Box 1320
        Richmond, Virginia 23218-1320
        804.420.6442
        804.420.6507 (fax)
        wfowler@williamsmullen.com

## CERTIFICATE

I hereby acknowledge that on this 15${}^{th}$ day of August, 2013, a copy of the foregoing

Notice of Removal was mailed, first-class, postage prepaid to:

> C. Jude Iweanoge, Esquire
> Charles C. Iweanoge, Esquire
> THE IWEANOGES' FIRM, P.C.
> 1026 Monroe Street, NE
> Washington, DC 20017
> 202.347.7026
> Fax: 202.347.7026
> Email: jci@weanogesfirm.com
> *Counsel for Plaintiff*


By: _____/s/_____

D. Margeaux Thomas

EXHIBIT A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

YIMAJ KALIFA
1618 7th Street, NW
Washington, DC 20001-3212

    and

HIRUT AMENU
1618 7th Street, NW
Washington, DC 20001-3212

    and

HUMAN TOUCH HOME HEALTH CARE
AGENCY, INC.
1618 7th Street, NW
Washington, DC 20001-3212

      Plaintiffs,

v.

SELECTIVE WAY INSURANCE COMPANY
40 Wantage Avenue
Branchville, NJ 07890-1000
      Serve on:
William P. White, Commissioner
Dep't of Insurance, Securities & Banking
District of Columbia
810 1st Street, NE, Suite 701
Washington, DC 20001

      Defendant.

RECEIVED
Civil Clerk's Office

JUL 2 3 2013

Superior Court of the
District of Columbia
Washington, D.C.

Case No.: **13 - 0 0 0 5 0 6 1**
Judge:

---

## COMPLAINT

Now Comes the Plaintiffs, YIMAJ KALIFA and HIRUT AMENU and

HUMAN TOUCH HOME CARE AGENCY, INC., by and through their attorneys, C.

Jude Iweanoge and THE IWEANOGES FIRM, PC, and sues the Defendant, Selective Way Insurance Company (hereinafter "Selective"), for breach of contract, and in support thereof states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      The Plaintiffs Yimaj Kalifa and Hirut Amenu are residents of the District of Columbia.

2.      The Plaintiff Human Touch Home Health Care Agency, Inc., is a District of Columbia corporation and is a licensed home health care provider.

3.      The Defendant Selective Way Insurance Company is an insurance company authorized to do business in the District of Columbia with its principal place of business in the state of New Jersey.

4.      This Court has personal jurisdiction over Defendant pursuant to D.C. Code Ann. §§13-422 and §§13-423 because it conducts business in the District of Columbia.

5.      This Court has jurisdiction over the subject matter of the claims raised herein pursuant to D.C. Code Ann. §§11-921 because they relate to conduct on the District of Columbia.

6.      Pursuant to D.C. Code Ann. §§13-423, the District of Columbia is the proper venue for this action because all events complained of occurred with the District of Columbia.

## FACTS

7.     Plaintiffs Hirut Amenu and Yimaj Kalifa are directors of Plaintiff Human Touch Home Health Agency, Inc., who purchased insurance coverage from the Defendant Selective Way Insurance Company with policy number S1869867, for their property located at 1416 Ninth Street, NW, Washington, DC 20001 (hereinafter "loss location"). The effective date of the policy was November 13, 2009 and was expected to expire on November 13, 2010.

8.     Plaintiffs operate a home health agency out of the loss location that caters to individuals that require home health care in the District of Columbia.

9.     The basement of the loss location was used primarily for storing medical records of patients and medical supplies. The basement also contained the computer network servers, telephone system server, desktop computers, furniture, fixtures, etc.

10.    On or about January 4, 2010, the basement of the loss location flooded due to water pipe break, which caused extensive damages to the basement, all the properties in the basement as well as the medical records and charts of patients and patients billing records.

11.    As a result of the water damage, Plaintiffs were forced to suspend their business for approximately three weeks because the power and phone systems were down and also to clean up the water and dirt as well as salvage some of the patients' files that were not completely damaged by the water.

12.     Plaintiffs contacted Defendants and filed a claim under their coverage for the cost of cleanup, repairs, damage to their properties, destroyed patients' medical files and billing records and loss of business income.

13.     Defendant accepted that the loss was covered under Plaintiffs insurance policy and the insurance set up a claim and requested Plaintiffs to provide an itemized list of their damaged properties and also their business income loss which Plaintiffs subsequently did. The estimated loss to Plaintiffs for their cleanup, repairs to basement, property damage and business income loss is Four Hundred and One Thousand Thirty Seven Dollars and Thirty Four Cents ($401,037.34).

14.     At the time of the water damage, the Plaintiffs had in force a policy of property and business owners coverage issued by Defendant Selective Way Insurance Company. Said policy of insurance contained a provision for property damage and business income loss coverage which provided, among other things, insurance coverage for the kind of losses and damages sustained by Plaintiffs.

15.     Plaintiffs made a demand for payment to cover the loss as provided under their policy but Defendant without justification continued to prolong payment on the claim. Subsequently, on August 11, 2012, refused to make any payment and closed the file.

16.     Defendant's refusal to pay any amount for the cleanup, repairs, covered damaged properties and/or the business income loss is a material breach of the insurance agreement. Defendant in contravention of the insurance agreement failed and/or refused to pay Plaintiffs repair and replacement costs for the damages done to the basement and

business properties as well as for the business income loss under the Plaintiffs insurance policy.

WHEREFORE, the Plaintiffs demand judgment be entered against the Defendant, Selective Way Insurance Company, for damages in the full and just amount of Four Hundred and One Thousand Thirty Seven Dollars and Thirty Four Cents ($401,037.34) plus costs, pre-judgment interest, and post-judgment interest.

Respectfully submitted,
THE IWEANOGES' FIRM, P.C.

YIMAJ KALIFA        By: _____
HIRUT AMENU                C. Jude Iweanoge (Bar #: 493241)
Plaintiffs by Counsel          Charles C. Iweanoge (Bar #: 465663)
                            1026 Monroe Street, NE
                            Washington, D.C. 20017
                            Telephone: (202) 347-7026
                            Fax:       (202) 347-7026
                            Email:   jci@iweanogesfirm.com

## JURY DEMAND

The Plaintiffs through Counsel respectfully demands a jury trial on all issues presented herein.

_____
C. Jude Iweanoge

# 𝔖uperior 𝔒ourt of the 𝔇istrict of 𝔒olumbia
## CIVIL DIVISION — CIVIL ACTIONS BRANCH

### INFORMATION SHEET

| YIMAJ KALIFA, ET AL |
|---|

Case Number: **13 ┌ 0 0 0 5 0 6 1**

vs.

| SELECTIVE WAY INSURANCE COMPANY |
|---|

Date: 07/23/13

*Name:*

| C. JUDE IWEANOGE, ESQ. |
|---|

Firm Name:

| THE IWEANOGES' FIRM, PC |
|---|

Telephone No.: (202) 347-7026
Unified Bar No.: 493241

Relationship to Lawsuit

⊙ Attorney for Plaintiff
○ Self (Pro Se)
Other: [          ]

TYPE OF CASE: ○ Non-Jury   ⊙ 6 Person Jury   ○ 12 Person Jury

Demand: $ 401,037.34   Other: [          ]

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. [          ] Judge [          ] Calendar # [          ]

Case No. [          ] Judge [          ] Calendar # [          ]

NATURE OF SUIT: *(Check One Box Only)*

**A. CONTRACTS**

| | | COLLECTION CASES |
|---|---|---|
| ☑ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 |
| ☐ 15 Other: | | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Other: |
| ☐ 07 Shoplifting, D.C. Code § 3441 | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☐ 17 Personal Injury |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile | ☐ 12 Malicious Interference | ☐ 20 Other: |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical | |
| ☐ 08 Fraud | ☐ 16 Negligence | |

D.  OTHERS

I.
- ☐ 01  Accounting
- ☐ 02  Att. Before Judgment
- ☐ 04  Condemnation (Emin. Domain)
- ☐ 05  Ejectment
- ☐ 07  Insurance/Subrogation Under S25,000 Pltf. Grants Consent
- ☐ 08  Quiet Title
- ☐ 09  Special Writ (Specify)

- ☐ 10  T.R.O./Injunction
- ☐ 11  Writ of Replevin
- ☐ 12  Enforce Mechanics Lien
- ☐ 16  Declaratory Judgment
- ☐ 17  Merit Personnel Act (D.C. Code Title 1, Chapter 6)
- ☐ 18  Product Liability
- ☐ 24  Application to Confirm, Modify, Vacate Arbitration Award (D.C. Code 164315)

- ☐ 25  Other:
- ☐ 26  Insurance/Subrogation Under S25,000  Consent Denied
- ☐ 27  Insurance/Subrogation Over S25,000

II.
- ☐ 03  Change of Name
- ☐ 06  Foreign Judgment
- ☐ 13  Correction of Birth Certificate
- ☑ 14  Correction of Marriage Certificate

- ☐ 15  Libel of Information
- ☐ 19  Enter Administrative Order as Judgment [6-2713(h) or 36-3 19(a)]
- ☐ 20  Master Meter (D.C. Code 43-541, et seq.)

- ☐ 21  Petition for Subpoena [Rule 28-1(b)]
- ☐ 22  Release Mechanics Lien
- ☐ 23  Rule 27 (a)(1) (Perpetuate Testimony)



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

YIMAJ KALIFA
     Vs.                              C.A. No.     2013 CA 005061 B

SELECTIVE WAY INSURANCE COMPANY

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                           Chief Judge Lee F. Satterfield

Case Assigned to: Judge THOMAS J MOTLEY
Date: July 23, 2013
Initial Conference: 9:30 am, Friday, November 01, 2013
Location:  Courtroom 212
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001                               Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

2013 CA 005061 B: KALIFA, YIMAJ, et al. Vs. SELECTIVE WAY INSURANCE COMPANY

| | |
|---|---|
| Case Type: Civil II | File Date: 07/23/2013 |
| Status: Open | Status Date: 07/23/2013 |
| Disposition: Undisposed | Disposition Date: |

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| KALIFA, YIMAJ | | PLAINTIFF | IWEANOGE, JUDE C |
| AMENU, HIRUT | | PLAINTIFF | IWEANOGE, JUDE C |
| HUMAN TOUCH HOME HEALTH CARE AGENCY, INC | | PLAINTIFF | IWEANOGE, JUDE C |
| SELECTIVE WAY INSURANCE COMPANY | | Defendant | |

| Schedule Date | Schedule Time | Description |
|---|---|---|
| 11/01/2013 | 09:30 AM | Initial Scheduling Conference-60 |

| Docket Date | Description | Messages |
|---|---|---|
| 08/03/2013 | Proof of Service | Proof of Service<br>Method : Service Issued<br>Issued : 07/23/2013<br>Service : Summons Issued<br>Served : 07/22/2013<br>Return : 08/03/2013<br>On : SELECTIVE WAY INSURANCE COMPANY<br>Signed By :<br><br>Reason : Proof of Service<br>Comment :<br><br>Tracking #: 5000136103 |
| 08/03/2013 | Affidavit of Service of Summons & Complaint on | Affidavit of Service of Summons & Complaint on SELECTIVE WAY INSURANCE COMPANY (Defendant); |
| 07/23/2013 | Service Issued | Issue Date: 07/23/2013<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>SELECTIVE WAY INSURANCE COMPANY<br>40 Wantage Avenue<br>BRANCHVILLE, NJ 07890<br>Tracking No: 5000136103 |
| 07/23/2013 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 11/01/2013 Time: 9:30 am<br>Judge: MOTLEY, THOMAS J Location: Courtroom 212 |
| 07/23/2013 | Complaint for Breach of Contract Filed | Complaint for Breach of Contract Filed<br>Attorney: IWEANOGE, JUDE C (493241)<br>YIMAJ KALIFA (PLAINTIFF); Receipt: 258528 Date: 07/23/2013 |

| Receipt # | Date | From | Payments | Fee | Amount Paid |
|---|---|---|---|---|---|
| 258528 | 07/23/2013 | IWEANOGE, JUDE C | Check $120.00 | Cost $120.00 | $120.00 |



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

YIMAJ KALIFA, ET AL
_____
                                                    Plaintiff

vs.                                                                      Case Number **13 - 0 0 0 5 0 6 1**

SELECTIVE WAY INSURANCE
_____
                                                    Defendant

### SUMMONS

To the above named Defendant:

　　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　　You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

C. JUDE IWEANOGE, ESQ                                      _Clerk of the Court_
_____
Name of Plaintiff's Attorney
1026 MONROE STREET, NE                       By _____
_____                                      Deputy Clerk
Address
WASHINGTON, DC 20017
_____
(202) 347-7026                                       Date    07  23  2013
_____
Telephone
如需翻译,请打电话 (202) 879-4828　　Veuillez appeler au (202) 879-4828 pour une traduction　　Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오　　 የትርጉም ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

　　IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

　　If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                    CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____

                                            Demandante

            contra                                                      Número de Caso: _____

_____

                                            Demandado

**CITATORIO**

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                            *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

_____                    Por: _____
                                                                    Subsecretario
Dirección

_____

_____                    Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시요       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

        Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

                        Vea al dorso el original en inglés
                        See reverse side for English original

                                                                                        CASUM.doc

Filed
D.C. Superior Court
08/09/2013 15:28PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

YIMAJ KALIFA,                                    :
                                                 :
    and                        :
                                                 :
HIRUT AMENU,                                      :
                                                 :
    and                        :
                                                 :
HUMAN TOUCH HOME HEALTH CARE                     :
AGENCY, INC.,                                     :
                                                 :
    Plaintiffs,                :
                                                 :
v.                                               :    CA No. 2013 CA 005061 B
                                                 :    Judge Thomas J. Motley
SELECTIVE WAY INSURANCE COMPANY                  :
                                                 :
    Defendant.                 :

## ANSWER

    COMES NOW defendant, Selective Way Insurance Company ("Selective"), by counsel, and for its Answer to the plaintiffs' Complaint filed herein states as follows:

    1.    Upon information and belief, it admits the allegations in paragraph 1 of the Complaint.

    2.    Upon information and belief, it admits the allegations in paragraph 2 of the Complaint.

    3.    It admits the allegations in paragraph 3 of the Complaint.

    4.    Regarding the allegations in paragraph 4 of the Complaint, it avers that such allegations call for a legal conclusion and do not require a response from this defendant. To the extent a response is required, the allegations are admitted.

5.    Regarding the allegations in paragraph 5 of the Complaint, it avers that such allegations call for a legal conclusion and do not require a response from this defendant.  To the extent a response is required, the allegations are admitted.

6.    Regarding the allegations in paragraph 6 of the Complaint, it avers that such allegations call for a legal conclusion and do not require a response from this defendant.  To the extent a response is required, the allegations are admitted.

7.    It admits the allegations in paragraph 7 of the Complaint.

8.    Upon information and belief, it admits the allegations in paragraph 8 of the Complaint.

9.    Regarding the allegations in paragraph 9 of the Complaint, it is without information or knowledge sufficient to determine the truth or falsity of such allegations and, therefore, denies same.

10.    Regarding the allegations in paragraph 10 of the Complaint, it admits that the loss location suffered some damage as a result of a water pipe break that occurred on or about January 4, 2010.  It denies the remaining allegations in this paragraph.

11.    It denies the allegations in paragraph 11 of the Complaint.

12.    Regarding the allegations in paragraph 12 of the Complaint, it admits that plaintiffs gave Selective notice of the claim for certain damage to the loss location.  It denies all remaining allegations in this paragraph.

13.    Regarding the allegations in paragraph 13 of the Complaint, it admits that Selective found certain damage to be covered by the subject insurance policy and benefits were paid.  It also admits that Selective requested the plaintiffs to provide proper documentation of its alleged losses.  It denies the remaining allegations in this paragraph.

14.     Regarding the allegations in paragraph 14 of the Complaint, it admits to the existence of the referenced insurance policy and avers that such policy speaks for itself.  It denies the remaining allegations in this paragraph.

15.     It denies the allegations in paragraph 15 of the Complaint.

16.     It denies the allegations in paragraph 16 of the Complaint.

17.     It denies that it has breached the insurance contract or any portion thereof.

18.     It denies that Selective is liable to the plaintiffs in the amount alleged in the Complaint or any other amount.

19.     It denies that Selective is liable to the plaintiffs for the reasons alleged in the Complaint or for any other reason.

## AFFIRMATIVE DEFENSES

1.     Plaintiff, Human Touch Health Care Agency, Inc. is not an insured under the policy at issue.

2.     Plaintiffs have failed to comply with the policy terms and conditions for asserting a claim under the policy.

3.     Plaintiffs' claims are barred by the contractual limitations period for filing a legal action against Selective.

4.     Plaintiffs have breached the insurance contract.

5.     Plaintiffs failed to provide the sufficient evidence and/or documentation to support their alleged loss.

6.     It will rely upon any and all properly provable defenses to the allegations and claims in the Complaint and reserves the right to amend this Answer if at any time it be so advised.

3

WHEREFORE, defendant, Selective Way Insurance Company respectfully requests that the plaintiffs' Complaint be dismissed with prejudice and that judgment be entered on its behalf and for its costs and attorneys' fees incurred herein.

SELECTIVE WAY INSURANCE COMPANY


By: _____/s/_____
        Arnie B. Mason (DC Bar No. 481084)
        D. Margeaux Thomas (DC Bar No. 986974)
        WILLIAMS MULLEN
        8300 Greensboro Drive
        Suite 1100
        Tysons Corner, VA  22102
        703.760.5235
        703.748.0244
        amazon@williamsmullen.com

        (To be admitted pro hac vice)
        Calvin W. Fowler, Jr. (VSB No. 27982)
        WILLIAMS MULLEN
        200 South 10th Street
        P. O. Box 1320
        Richmond, Virginia 23218-1320
        804.420.6442
        804.420.6507 (fax)
        wfowler@williamsmullen.com

## CERTIFICATE

I hereby acknowledge that on this 9th day of August, 2013, I caused a copy of the

foregoing Answer to be filed with the Electronic Case Filing system of the Superior Court of the

District of Columbia, which will provide electronic notice to the following party:

> C. Jude Iweanoge, Esquire
> Charles C. Iweanoge, Esquire
> THE IWEANOGES' FIRM, P.C.
> 1026 Monroe Street, NE
> Washington, DC 20017
> 202.347.7026
> Fax: 202.347.7026
> Email: jci@weanogesfirm.com
> *Counsel for Plaintiff*

_____/s/_____
Arnie B. Mason

5

Filed
D.C. Superior Court
08/09/2013 15:34PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

YIMAJ KALIFA,                                          :

    and                                 :

HIRUT AMENU,                                          :

    and                                 :

HUMAN TOUCH HOME HEALTH CARE           :
AGENCY, INC.,                                         :

    Plaintiffs,                           :

v.                                                         :          CA No. 2013 CA 005061 B
                                                          :          Judge Thomas J. Motley
SELECTIVE WAY INSURANCE COMPANY        :

    Defendant.                           :

**DEFENDANT SELECTIVE INSURANCE COMPANY'S
RULE 7.1 DISCLOSURE STATEMENT**

COMES NOW defendant, Selective Way Insurance Company ("Selective"), by counsel and pursuant to Rule 7.1 of the Rules of Civil Procedure for D.C. Superior Court, and hereby states as follows:

1.    Selective Way Insurance Company is a subsidiary of Selective Insurance Group, Inc. ("SIGI") and 100% owned by SIGI.

2.    SIGI is a publicly traded, New Jersey corporation, trading on the NASDAQ Global Select Market, under the symbol "SIGI." SIGI is the direct or indirect parent of all of the following companies (followed by their respective state of incorporation), including defendant:

    a.  Selective Insurance Company of America (New Jersey)

    b.  Selective Way Insurance Company (New Jersey) (defendant)

    c.  Selective Insurance Company of South Carolina (Indiana) (prior to 7/1/08 incorporated in N.J.)

    d.  Selective Insurance Company of the Southeast (Indiana) (prior to 7/1/08 incorporated in N.J.)

    e.  Selective Insurance Company of New York (New York)

    f.  Selective Insurance Company of New England (New Jersey) (prior to 6/1/12 incorporated in Maine)

    g.  Selective Casualty Insurance Company (New Jersey)

    h.  Selective Fire and Casualty Insurance Company (New Jersey)

    i.  Selective Technical Administrative Resources, Inc. (New Jersey)

    j.  SelecTech, LLC (New Jersey)

    k.  SRM Insurance Brokerage, LLC (New Jersey)

    l.  Selective Auto Insurance Company of New Jersey (New Jersey)

    m.  Mesa Underwriters Specialty Insurance Company (formerly known as Montpelier U.S. Insurance Company) (New Jersey)

    n.  Stonecreek Specialty Underwriters, LLC (Delaware)

    o.  Wantage Avenue Holding Company, Inc. (New Jersey)

3.    None of the entities listed above are trade association.

4.    10% or more of SIGI's stock is not owned by a publicly held corporation or entity.

5.    There are no other publicly held corporations or entities that have a direct financial interest in the outcome of the litigation

SELECTIVE WAY INSURANCE COMPANY

By: _____/s/_____

Arnie B. Mason (DC Bar No. 481084)
D. Margeaux Thomas (DC Bar No. 986974)
WILLIAMS MULLEN
8300 Greensboro Drive
Suite 1100
Tysons Corner, VA  22102
703.760.5235
703.748.0244
amazon@williamsmullen.com

(To be admitted pro hac vice)
Calvin W. Fowler, Jr. (VSB No. 27982)
WILLIAMS MULLEN
200 South 10th Street
P. O. Box 1320
Richmond, Virginia 23218-1320
804.420.6442
804.420.6507 (fax)
wfowler@williamsmullen.com

## CERTIFICATE

I hereby acknowledge that on this 9th day of August, 2013, I caused a copy of the

foregoing DEFENDANT SELECTIVE INSURANCE COMPANY'S RULE 7.1 DISCLOSURE

STATEMENT to be filed with the Electronic Case Filing system of the Superior Court of the

District of Columbia, which will provide electronic notice to the following party:

C. Jude Iweanoge, Esquire
Charles C. Iweanoge, Esquire
THE IWEANOGES' FIRM, P.C.
1026 Monroe Street, NE
Washington, DC 20017
202.347.7026
Fax: 202.347.7026
Email: jci@weanogesfirm.com
*Counsel for Plaintiff*

_____/s/_____

Arnie B. Mason

23113178_1.DOCX

# EXHIBIT B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

YIMAJ KALIFA, *et al.*                              :
                                                    :
       Plaintiffs,                            :
                                                    :
v.                                                  :      CA No. 2013 CA 005061 B
                                                    :      Judge Thomas J. Motley
SELECTIVE WAY INSURANCE COMPANY        :
                                                    :
       Defendant.                             :

### <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

To:    CLERK OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

**PLEASE TAKE NOTICE** that the defendant, Selective Way Insurance Company, by

counsel, has filed a Notice of Removal of Civil Action, a copy of which is attached hereto as

hereto as **<u>Exhibit 1</u>**, in the United States District Court for the District of Columbia.

Pursuant to 28 U.S.C. § 1446(d), no further proceedings may be held in this Court unless

and until the case is remanded.

Respectfully submitted,

SELECTIVE WAY INSURANCE COMPANY

By: _____/s/_____

       Arnie B. Mason (DC Bar No. 481084)
       D. Margeaux Thomas (DC Bar No. 986974)
       WILLIAMS MULLEN
       8300 Greensboro Drive
       Suite 1100
       Tysons Corner, VA  22102
       703.760.5235
       703.748.0244
       amason@williamsmullen.com

(To be admitted pro hac vice)
Calvin W. Fowler, Jr. (VSB No. 27982)
WILLIAMS MULLEN
200 South 10th Street
P. O. Box 1320
Richmond, Virginia 23218-1320
804.420.6442
804.420.6507 (fax)
wfowler@williamsmullen.com

## **CERTIFICATE**

I hereby acknowledge that on this 15th day of August, 2013, I caused a copy of the foregoing Notice of Filing of Notice of Removal to be filed with the Electronic Case Filing system of the Superior Court of the District of Columbia, which will provide electronic notice to the following party:

C. Jude Iweanoge, Esquire
Charles C. Iweanoge, Esquire
THE IWEANOGES' FIRM, P.C.
1026 Monroe Street, NE
Washington, DC 20017
202.347.7026
Fax: 202.347.7026
Email: jci@weanogesfirm.com
*Counsel for Plaintiff*

/s/
D. Margeaux Thomas